IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-56-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RODNEY BURRELL, | ) | |
| | ) | |
| Defendant. | ) | |

On July 20, 2010, without a written plea agreement, Rodney Burrell ("Burrell") pleaded guilty to possession with the intent to distribute five grams of more of cocaine base (crack), and aiding and abetting. See [D.E. 25, 41]. On August 10, 2012, the court held Burrell's resentencing hearing. See [D.E. 67, 68, 76]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)-(B); Sentencing Tr. [D.E. 76] 4–6. The court calculated Burrell's total offense level to be 19, his criminal history category to be IV, and his advisory guideline range to be 46 to 57 months' imprisonment. See Sentencing Tr. at 4–6. The court then upwardly departed under U.S.S.G. § 4A1.3 to a criminal history category of VI, a total offense level of 30, and an advisory guideline range of 168 to 210 months' imprisonment. See id. at 6–55. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Burrell to 210 months' imprisonment. See id. at 55–84. In imposing the sentence, the court announced that it would impose the same sentence as an alternative variant sentence if it miscalculated the advisory guideline range or erroneously upwardly departed. See id. at 82. Burrell appealed. On October 17, 2013, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Burrell, 543 F. App'x 290, 291–93 (4th Cir. 2013) (unpublished).

On January 29, 2016, Burrell moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 86]. On the same date, the government responded in opposition. See [D.E. 87]. On February 5, 2016, Burrell replied. See [D.E. 88]. Burrell's new advisory guideline range is 37 to 46 months' imprisonment, based on a total offense level of 17 and a criminal history category of IV. See Resentencing Report. Burrell requests a 175-month sentence. See id.; [D.E. 86].

The court has discretion under Amendment 782 to reduce Burrell's sentence. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1963–68 (2018); Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Burrell's sentence, the court finds that Burrell engaged in serious criminal behavior. See PSR ¶¶ 4–5. Moreover, Burrell is a violent recidivist, a validated gang member, and has convictions for voluntary manslaughter, possession with intent to sell and deliver marijuana, and possession with intent to sell and deliver cocaine. See PSR ¶¶ 8–10; Sentencing Tr. at 55–84. Burrell has performed poorly on supervision and has never been employed. See id. PSR ¶¶ 9, 12, 22. Burrell has taken some positive steps while incarcerated on his federal sentence, but he has sustained disciplinary infractions for refusing to obey an order (four times), being insolent to a staff member (two times), using martial

2

arts/boxing, and interfering with taking count. See Resentencing Report; [D.E. 88-2]; [D.E. 88-3]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Burrell received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Burrell's sentence would threaten public safety in light of his serious criminal conduct, serious criminal history, and repeated misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Burrell's motion for reduction of sentence under Amendment 782. See, e.g., Chavez-Meza, 138 S. Ct. at 1963–68; Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Burrell's motion for reduction of sentence [D.E. 86].

SO ORDERED. This 31 day of July 2018.

JAMES C. DEVER III
Chief United States District Judge